JOSHUA B. KONS, CASE NO. 244977
joshuakons@konslaw.com
OF COUNSEL TO:
ECCLESTON LAW OFFICES, P.C.
One North Franklin St. Suite 2620
Chicago, Illiniois 60606
Telephone: (312) 332-0000
Facsimile: (312) 332-0003
Attorney for Defendant
PAMELA GRAVIET

Attorney for Defendant
PAMELA GRAVIET

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TRANSAMERICA FINANCIAL ADVISORS, INC., | ) ) ) | Case No. 2:12-cv-01703-GEB-DAD |
| Plaintiff, | ) ) ) ) | DEFENDANT'S ANSWER TO COMPLAINT FOR DECLARATORY RELIEF AND PERMANENT INJUNCTION |
| vs. | ) ) | |
| PAMELA GRAVIET, | ) ) | |
| Defendant. | ) | |

Defendant Pamela Graviet ("Ms. Graviet," or "Graviet"), by and through undersigned counsel, for her Answer and Affirmative Defenses to the Complaint hereby admits, denies and alleges as follows:

## INTRODUCTION

1. This is a complaint for injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201 & 2202. Plaintiff, TRANSAMERICA FINANCIAL ADVISORS, INC. ("TFA" or "Plaintiff"),

1

formerly known as World Group Securities, Inc. ("WGS") brings this suit against Defendant Pamela Graviet.

# DEFENDANT GRAVIET'S ANSWER

## PARTIES

1. *Plaintiff TRANSAMERICA FINANCIAL ADVISORS, INC. ("TFA" or "Plaintiff"), formerly known as World Group Securities, Inc. ("WGS"), is a Delaware corporation, headquartered in St. Petersburg, Florida. On or about January 6, 2012, WGS was merged into TFA. TFA is the successor in interest to WGS (now known as the Transamerica Financial Group Division ("TFG") of TFA), a broker-dealer registered with the United States Securities Commission ("SEC"), and the California Corporations Commission. TFA, WGS and TFG are collectively referred to as TFA.*

Admit that in its Complaint, Plaintiff purports to be a Delaware corporation, headquartered in St. Petersburg, Florida and a broker-dealer registered with the United States Securities Commission ("SEC"). Ms. Graviet lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claim that, "[o]n or about January 6, 2012, WGS was merged into TFA. TFA is the successor in interest to WGS (now known as the Transamerica Financial Group Division ("TFG") of TFA."

2. *TFA is a member of the Financial Industry Regulatory Authority ("FINRA").*

Admit that TFA is a member of FINRA.

3. *Defendant PAMELA GRAVIET ("Ms. Graviet") is an individual residing in Galt, California.*

DEFENDANT'S ANSWER TO COMPLAINT FOR
DECLARATORY RELIEF AND PERMANENT
INJUNCTION

Admit that Ms. Graviet is an individual residing in Galt, California.

## JURISDICTION

4.  *This Court may exercise subject matter jurisdiction over this action pursuant to 28 U.S.C. 1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000.*

Paragraph 4 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Ms. Graviet denies the rest and remainder of Paragraph 4.

5.  *This action is brought by TFA for declaratory judgment pursuant to 28 U.S.C. sections 2201 and 2202, for the purpose of determining a question of actual controversy between the parties as set forth herein.*

Paragraph 5 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Ms. Graviet denies the rest and remainder of Paragraph 5.

## GENERAL ALLEGATIONS

6.  *On or about November 16, 2011, Ms. Graviet filed an arbitration with the Financial Industry Regulatory Authority Dispute Resolution ("FINRA-DR") entitled, <u>Pamela Graviet v. World Group Securities, Inc.</u> FINRA-DR Case No. 11-04290, against WGS by filing a Statement of Claim (the "Statement of Claim") (See concurrently filed Declaration of Alexander J. Casnocha, Ex. A)*

1   Admit.

2   7.  *The Statement of Claim alleges that in October and November 2006 WGS*
3   *Representatives Lori Wagner ("Wagner") and Zana Curry ("Curry"), under the*
4   *direction of Michael McCurdy ("McCurdy"), wrongfully solicited Ms. Graviet to re-*
5   *finance her home mortgage and to use some of the proceeds to buy three products,*
6   *one of which was an Indexed Accumulator II equity indexed universal life policy (the*
7   *"Equity Indexed Accumulator II policy"), which was issued by Pacific Life Insurance*
8   *Company ("PacLife"). (Statement of Claim, ¶¶ 6, 8 and 13).*

9   Admit that the Statement of Claim alleges that in October and November of 2006, WGS
10  Representatives Lori Wagner ("Wagner") and Zana Curry ("Curry"), under the direction of
11  Michael McCurdy ("McCurdy"), wrongfully solicited Ms. Graviet to refinance her home
12  mortgage. Admit that Wagner, Curry and McCurdy recommended using some of the proceeds to
13  buy three products, one of which was an Index Accumulator II equity indexed universal life
14  policy (the "Equity Indexed Accumulator II policy"), but deny as to the remainder of paragraph
15  7, as Wagner, Curry and McCurdy's "recommendations" were not limited to three specific
16  products.

17  8.  *Ms. Graviet seeks damages arising out of her transactions with Wagner and*
18  *Curry, including the re-finance of her home mortgage and the purchase of the*
19  *Equity Indexed Accumulator II policy. (Statement of Claim, ¶ 19)*

20  Admit that Ms. Graviet seeks damages arising out of her transactions with Wagner and
21  Curry, including the re-finance of her home mortgage and the purchase of the Equity Indexed
22  Accumulator II policy. However, Ms. Graviet denies Plaintiff's characterization that the

damages she seeks are limited to those arising from specific "transactions," namely the re-finance of her home mortgage and the purchase of the Equity Indexed Accumulator II policy.

9. *Ms. Graviet's claims against WGS that relate to (1) the re-finance of her home mortgage, and (2) the Equity Indexed Accumulator II policy (together, the "non-arbitrable transactions"), are not subject to FINRA-DR jurisdiction.*

Admit that certain of Ms. Graviet's claims against WGS relate to (1) the re-finance of her home mortgage, and (2) the Equity Indexed Accumulator II policy. However, Ms. Graviet denies Plaintiff's characterization that her claims are limited to the re-finance of her home mortgage and the Equity Indexed Accumulator II policy. Ms. Graviet further denies that her claims are not subject to FINRA-DR jurisdiction.

10. *FINRA-DR Code of Arbitration Procedure (the "Code"), section 12200 provides:*

   *Parties must arbitrate a dispute under the Code if:*

   - *Arbitration under the code is either*
     - *(1) Required by written agreement, or*
     - *(2) Requested by the customer;*
   - *The dispute is between a customer and a member or associated person of a member;* **and**
   - *The dispute arises in connection with the business activities of the member or the associated person, except disputes involving the insurance business activities of a member that is also an insurance company.*

(Emphasis added.) A true and copy of section 12200 of the Code is attached hereto as "Exhibit A."

5

DEFENDANT'S ANSWER TO COMPLAINT FOR
DECLARATORY RELIEF AND PERMANENT
INJUNCTION

Admit as to Plaintiff's recitation of FINRA-DR Rule 12200.

11. *There is no written agreement between Ms. Graviet and WGS to arbitrate disputes arising from the re-finance of her home mortgage or her purchase of the Index Accumulator II policy.*

Admit. However, Ms. Graviet was an intended third-party beneficiary of the written contract between Plaintiff, a FINRA member on the one hand, and FINRA, on the other, requiring Plaintiff to abide by all FINRA rules and regulations.

12. *WGS did not and does not offer or participate in home loans, or loan modifications, including Ms. Graviet's re-finance of her home mortgage, although a non-member affiliate, World Financial Group, Inc. ("WFG") did allow it independent contractor Associates, such as Curry and Wagner and Michael McCurdy ("McCurdy"), to affiliate with third party mortgage brokers for the purposes of engaging in the mortgage brokerage business through such mortgage brokers.*

Deny as to Plaintiff's claim that WGS did not participate in Ms. Graviet's re-finance of her home mortgage. WGS registered representatives, Wagner, Curry and McCurdy, acting within their capacity as financial advisors and under the supervision of WGS, did participate in the re-finance of Ms. Graviet's home mortgage. Ms. Graviet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the rest and remainder of Paragraph 12.

13. *WGS did not sell Ms. Graviet the Indexed Accumulator II policy which is purely an insurance product and not a security. Equity Indexed Universal Life*

    *Insurance ("EIUL") Policies, such as the Indexed Accumulator II policy, are not required to be registered under applicable federal or state securities laws nor are purchases of EIULs required to be executed through a registered broker-dealer. Ms. Graviet's purchase of the Indexed Accumulator II policy, an EIUL, was not executed by, through, or on the books of WGS. The purchase of the Equity Indexed Accumulator II policy was executed through WGS' non FINRA member affiliate, World Financial Insurance Agency, Inc. ("WFGIA").*

Deny as to Plaintiff's claim that "WGS did not sell Ms. Graviet the Indexed Accumulator II policy...." WGS registered representatives, Wagner and Curry, acting on behalf of WGS, recommended, among other things, that Ms. Graviet purchase the Indexed Accumulator II policy. Ms. Graviet lacks knowledge or information sufficient to form a belief as to the truth or falsity of the rest and remainder of paragraph 13.

14.    *TFA does not consent to FINRA-DR's jurisdiction over Ms. Graviet's non-arbitral claims.*

Deny as to Plaintiff's claim that Ms. Graviet's claims are non-arbitral. Ms. Graviet is a customer within the meaning of FINRA Rule 12200 who has requested arbitration and the dispute involves the business activities of WGS, a FINRA member.

15.    *TFA realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 14, inclusive, as though they were fully set forth in this claim for relief.*

In answer to paragraph 15, Ms. Graviet incorporates and realleges her specific answers to all preceding Paragraphs, as if set forth within.

16. *TFA also has not consented to arbitrate the non-arbitrable transactions by way of a written agreement to arbitrate.*

Deny as to Plaintiff's characterization that any transactions at issue are non-arbitrable as Ms. Graviet is a customer within the meaning of FINRA Rule 12200 who has requested arbitration and the dispute involves the business activities of WGS, a FINRA member.

17. *There exists an actual controversy as between TFA on the one hand, and Ms. Graviet on the other, as to the jurisdictional authority of FINRA-DR to hear claims presented by Ms. Graviet against TFA for acts pertaining to the non-arbitrable transactions.*

Deny as to Plaintiff's characterization that any transactions at issue are non-arbitrable. Admit as to the rest and remainder of Paragraph 17.

18. *This actual controversy is within the jurisdiction of the Court and involves the rights and liabilities of the parties, which controversy may be determined by a judgment of this Court, without other suits pursuant to 28 U.S.C. sections 2201 and 2202.*

Paragraph 18 of the Complaint contains legal assertions or conclusions to which no responsive pleading is required. Except as expressly admitted herein, Ms. Graviet denies the rest and remainder of Paragraph 18.

1  19.  *TFA realleges and incorporates by reference each and every allegation contained*
2      *in Paragraphs 1 through 18, inclusive, as though they were fully set forth in this*
3      *claim for relief.*

4  In answer to paragraph 19, Ms. Graviet incorporates and realleges her specific answers to
5  all preceding Paragraphs, as if set forth within.

6  20.  *The legal remedy in this instance is wholly inadequate because it would require*
7      *TFA to arbitrate claims before FINRA-DR which it neither contractually agreed*
8      *to arbitrate, nor is required to arbitrate pursuant to FINRA rules, including the*
9      *Code of Arbitration Procedure.*

10  Deny as to Plaintiff's assertion that it is not required to arbitrate Ms. Graviet's claims
11 pursuant to FINRA rules. Ms. Graviet is a customer within the meaning of FINRA Rule 12200
12 who has requested arbitration and the dispute involves the business activities of WGS, a FINRA
13 member. Further, Ms. Graviet was an intended third-party beneficiary of the written contract
14 between Plaintiff, on the one hand, and FINRA, on the other.

15  21.  *TFA is likely to prevail because TFA is not required to proceed in arbitration*
16      *under the FINRA Code of Arbitration Procedure for claims to that do not arise in*
17      *connection with TFA's business activities.*

18  Deny. TFA is not likely to prevail because, among other things: 1) TFA is required to
19 proceed in arbitration under the Code of Arbitration Procedure; and 2) the claims do arise in
20 connection with the business activities of TFA's predecessor, WGS.

**PRAYER FOR RELIEF**

1. *For a declaration and determination that Ms. Graviet is permanently barred and enjoined from proceeding with the portion of the Statement of Claim relating to the non-arbitrable transactions that is presently on file with FINRA-DR against TFA.*

Deny Paragraph 1 in its entirety. All of Ms. Graviet's claims presently on file with FINRA-DR against TFA are intertwined and are arbitrable pursuant to the FINRA Code of Arbitration Procedure.

2. *For a declaration and determination that Ms. Graviet is permanently barred and enjoined from presenting a claim in arbitration before FINRA-DR against TFA for any acts, omissions to act or damages which occurred as a result of the non-arbitrable transaction.*

Deny Paragraph 2 in its entirety. All of Ms. Graviet's claims presently on file with FINRA-DR against TFA are intertwined and are arbitrable pursuant to the FINRA Code of Arbitration Procedure.

**MS. GRAVIET'S AFFIRMATIVE DEFENSES**

Ms. Graviet alleges the following affirmative defenses to the Complaint. In asserting these affirmative defenses, Ms. Graviet does not assume the burden to establish any fact or proposition where that burden is properly imposed on Plaintiff.

1. Plaintiff has failed to state a claim upon which relief may be granted.

2. Plaintiff's claim is barred, either in whole or in part, by the doctrine of waiver because Plaintiff has already substantially participated in the arbitration proceeding which is the subject of this action.

3. Plaintiff's claim is barred, either in whole or in part, by the doctrine of laches.

4. Plaintiff's claim is barred because the underlying claim should be resolved by the arbitration panel presently seated, and not by this Court.

5. Plaintiff's claim is barred, either in whole or in part, by the doctrine of unclean hands.

6. Plaintiff's claim is barred, either in whole or in part, by the doctrine of implied consent.

7. Plaintiff's claim is barred, either in whole or in part, by the doctrine of equitable estoppel.

## DEFENDANT GRAVIET'S ANSWER

8. Ms. Graviet presently has insufficient knowledge or information on which to form a belief as to whether she may have additional, as yet unstated, defenses available. Ms. Graviet reserves the right to assert additional defenses that are revealed by further investigation or by discovery.

## PRAYER

WHEREFORE, Ms. Graviet prays for judgment or relief against the Plaintiff as follows:

1. The Complaint for Declaratory Relief and Permanent Injunction be dismissed with prejudice and that the Plaintiff take nothing;

1  2. That Ms. Graviet be awarded her attorneys' fees, costs and disbursements incurred in
2     defending this matter; and
3  3. Such other and further relief, including declaratory, equitable relief and damages, as
4     this Court deems just and proper.

7  DATED this 23th day of July, 2012.

8                                         /s/ Joshua B. Kons
9                                         **JOSHUA B. KONS, CASB NO. 244977**

10                                        **Attorney for Defendant**

12  **JOSHUA B. KONS, CASB NO. 244977**
13  joshuakons@konslaw.com
14  **OF COUNSEL TO:**
15  **ECCLESTON LAW OFFICES, P.C.**
16  **One North Franklin St. Suite 2620**
17  **Chicago, Illiniois 60606**
18  **Telephone: (312) 332-0000**
19  **Facsimile: (312) 332-0003**
20
21  **Attorney for Defendant**
22  **PAMELA GRAVIET**

DEFENDANT'S ANSWER TO COMPLAINT FOR
DECLARATORY RELIEF AND PERMANENT
INJUNCTION

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 23, 2012, I electronically filed the foregoing Answer with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Philip A. McLeod, CASB No. 101101
KEESAL, YOUNG & LOGAN
A Professional Corporation
450 Pacific Ave.
San Francisco, California 94133
Telephone: (415) 398-6000
Facsimile: (415) 981-0136
philip.mcleod@kyl.com

By:    /s/Joshua B. Kons
       **JOSHUA B. KONS, CASB NO. 244977**

DEFENDANT'S ANSWER TO COMPLAINT FOR
DECLARATORY RELIEF AND PERMANENT
INJUNCTION